# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| Digitas, Inc., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| vs. § | CAUSE NO. 4:21-cv-3493 |
| § | |
| The Art Institute of Houston, LLC, § | |
| § | |
| *Defendant*. § | |

## ORIGINAL COMPLAINT

Plaintiff Digitas, Inc. ("Plaintiff") brings this *Original Complaint* (the "Complaint") against Defendant The Art Institute of Houston, LLC (the "Defendant"), and alleges the following:

## I.
## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391, in that the Defendant or its agents, or certain of them, reside or may be found here, a substantial part of the events giving rise to Plaintiff's claims occurred here, and the Defendant transacts business here.

## II.
## PARTIES

3. Plaintiff is a Delaware corporation with its principal place of business in Massachusetts.

4. Defendant is an Arizona limited liability company with its principal place of business located at 4140 Southwest Fwy., Houston, TX 77027. Defendant may be served through its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701, or wherever else Defendant may be found.

### III.
### FACTUAL ALLEGATIONS

5. This is a lawsuit for Plaintiff to collect and recover the value of media and advertising services that Plaintiff caused to be provided to and for the benefit of Defendant.

6. The services that Plaintiff rendered for the benefit of Defendant arose in connection with a certain Advertising Master Services Agreement dated August 10, 2014 (the "Advertising Agreement") entered into between Plaintiff and the predecessor in interest to Defendant's parent company. The Advertising Agreement was later assigned to Defendant's parent company.

7. At all times during the existence of the Advertising Agreement, Plaintiff provided or caused to be provided various media and advertising services to and for the benefit of Defendant.

8. While not a party to the Advertising Agreement, Defendant was an intended third party beneficiary of the Advertising Agreement, and received the benefit of the media and advertising services provided thereunder.

9. Beginning in October 2018, Plaintiff stopped receiving payments for the media and advertising services that it provided to and for the benefit of Defendant.

10. Amounts remain due and owing to Plaintiff for media and advertising services provided to and for the benefit of Defendant through and including January of 2019.

11. As of the date of this Complaint, Plaintiff is owed at least $640,896.12 for the value of the media and advertising services that it provided to and for the benefit of Defendant for the period between October 2018 and January 2019. This amount is exclusive of amounts that Plaintiff is owed for the value of the media and advertising services that it provided to and for the benefit of the various other universities affiliated with Defendant

## IV.
## CAUSE OF ACTION

**COUNT 1 -** *Quantum Meruit*

12. Plaintiff repeats and realleges the allegations contained in Paragraphs 1–11 of this Complaint as if fully set forth herein.

13. Defendant knowingly accepted the media and advertising services from Plaintiff without compensating Plaintiff for such services. The unpaid value for those services is equal to Defendant's pro rata percentage of the value of all amounts owed to Defendant for the media and advertising services it provided to Defendant and Defendant's affiliated universities. Furthermore, the services that Plaintiff provided to Defendant were valuable, and Plaintiff would not have provided such services to Defendant without an expectation that Plaintiff receive payment for such services.

14. Plaintiff provided those services to Defendant expecting that Plaintiff would be paid for them, and Defendant knowingly accepted those services from Plaintiff without compensating Plaintiff. Further, Defendant knowingly accepted the benefit of Plaintiff's services by virtue of enjoying the increased market awareness and resulting impact on enrollment resulting from the media and advertising campaigns

15. As of the date of this Complaint, Plaintiff is owed at least $640,896.12 for the value of the media and advertising services that it provided to and for the benefit of Defendant for the period between October 2018 and January 2019.

16. Plaintiff is entitled to reasonable attorneys' fees because this is a claim for rendered services within the meaning of Texas Civil Practice and Remedies Code § 38.001. In May 2020, the undersigned counsel sent a demand letter to Defendant that properly presented Plaintiff's claim for rendered services. More than thirty days have elapsed since Defendant received the demand letter, and payment for the just amount owed has not been tendered by Defendant.

17. Plaintiff requests entry of judgment against Defendant in an amount not less than $640,896.12, plus all applicable interest, default interest, cost of court and collection, and reasonable attorneys' fees in such additional amounts that Plaintiff will quantify and request.

## V.
## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants and requests the Court grant the following relief:

(a) Awarding Plaintiff damages against Defendant in an amount not less than $640,896.12, plus applicable interest (including pre- and post-judgment interest at the highest lawful rate);

(b) Awarding the Plaintiff's recovery of costs of suit, expenses, and reasonable and necessary attorneys' fees; and

(c) In the instance of awarding any judgment in Plaintiff's favor, granting such other and further relief that the Plaintiff is entitled to and that the Court deems just and proper under the circumstances.

**DATED** October 22, 2021

Respectfully Submitted,

*/s/ Stephen J. Humeniuk*
Jonathan W. Young (*pro hac vice* forthcoming)
LOCKE LORD LLP
111 Huntington Ave.
Boston, MA 02199
(617) 239-0367 (Telephone)
(855) 595-1190 (Facsimile)
jonathan.young@lockelord.com

Stephen J. Humeniuk
State Bar No. 24087770
LOCKE LORD LLP
600 Congress, Suite 2200
Austin, Texas 78701
(512) 305-4700 (Telephone)
(512) 305-4800 (Facsimile)
stephen.humeniuk@lockelord.com

**ATTORNEYS FOR PLAINTIFF DIGITAS, INC.**